UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 7);

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH AND ELEVENTH CLAIMS FOR RELIEF (DKT. 15)

JS-6: Case Terminated as to the Following Defendants Only:
Leticia Pomes
Pomes Insurance Services, Inc.
Does 11-100

## I. Introduction

On May 29, 2019, Fernando Infanzon ("Plaintiff") brought this action in Los Angeles Superior Court against Allstate Insurance Company ("Allstate"), Allstate Northbrook Indemnity Company ("Allstate Northbrook") (together with Allstate, the "Allstate Defendants"), Leticia Pomes ("Pomes"), Pomes Insurance Services Inc. ("PIS") (together with Pomes, the "Agent Defendants"), and Does 1-100. Dkt. 1-1 at 1.[1] The Complaint advances the following causes of action: (i) breach of contract, against the Allstate Defendants; (ii) breach of the implied covenant of good faith and fair dealing, against the Allstate Defendants; (iii) breach of contract, against the Agent Defendants; (iv) breach of fiduciary duty, against the Agent Defendants; (v) violation of Cal. Bus. & Prof. Code § 17200 ("UCL"), against all Defendants; (vi) intentional infliction of emotional distress, against all Defendants; (vii) fraud, against all Defendants; (viii) negligent misrepresentation, against all Defendants; (ix) concealment, against all Defendants; (x) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, against the Agent Defendants; and (xi) violation of Cal. Code Regs. tit. x, § 2695.7, against the Allstate Defendants. *Id.*

On July 24, 2019, the Agent Defendants answered the Complaint with a general denial of all allegations, and raised 29 affirmative defenses. Dkt. 1-4. On July 26, 2019, the Allstate Defendants

---

[1] Pursuant to Local Rule 19-1, no more than ten Doe or fictitiously named parties are permitted. Accordingly, Doe Defendants 11 through 100 are **DISMISSED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

removed the action on the basis of diversity jurisdiction. Dkt. 1 ¶ 8. On July 29, 2019, Plaintiff filed an Ex Parte Motion to Remand Case to State Court and Application for Immediate Stay ("Motion to Remand"). Dkt. 7. The Allstate Defendants opposed the Motion to Remand on July 31, 2019. Dkt. 9. On August 5, 2019, an Order issued that construed the ex parte motion as a regular one, and set it for hearing. Dkt. 18. On August 19, 2019, Plaintiff filed a reply. Dkt. 20.

On August 2, 2019, the Allstate Defendants filed a Motion to Dismiss Plaintiff's First, Fifth, Sixth, Seventh, Eighth, Ninth and Eleventh Claims for Relief ("Motion to Dismiss"). Dkt. 15. Plaintiff opposed the Motion to Dismiss on August 23, 2019. Dkt. 22. The Allstate Defendants replied on September 6, 2019. Dkt. 23.

On October 28, 2019, the Motion to Remand and Motion to Dismiss were taken under submission pursuant to L.R. 7-15. Dkts. 25, 26. For the reasons stated in this Order, the Motion to Remand is **DENIED** and the Agent Defendants dismissed as fraudulently joined, and the Motion to Dismiss is **GRANTED**, with prejudice as to the eleventh cause of action and without prejudice to the six remaining causes of action that were challenged.

## II.     Request for Judicial Notice

The Allstate Defendants have filed a Request for Judicial Notice ("RJN"). Dkt. 16. Notice is requested of Exhibit 1. Exhibit 1 is Allstate Automobile Insurance Policy 934 257 427 (the "Policy"), together with its Declarations Page and Endorsements to the Policy. Dkt. 16 at 2. The Allstate Defendants state that the Policy was issued to Plaintiff and is at issue in this action. *Id.* at 3.

A motion to dismiss is generally "limited to the contents of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). However, the court may consider "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Complaint refers to the Policy, and certain claims are premised on "a material and unreasonable breach of the written contract, the Policy." Dkt. 1-1 ¶ 44. Thus, the Policy is both referred to in the Complaint and is central to the claims presented. Plaintiff has not challenged the authenticity of the copy of the Policy and other related materials. Accordingly, the RJN is **GRANTED.**

## III.    Factual Background

At all relevant times, Plaintiff was allegedly a named insured under the Policy, which was issued by the Allstate Defendants through the Agent Defendants. Dkt. 1-1 ¶¶ 2-4. The Policy provided automobile collision and comprehensive coverage with a limit of "actual cash value," and bodily injury coverage of $50,000 per person. Dkt. 16-1 at 8. The Policy states that where "an insured person is legally entitled to recover from the owner or operator of an uninsured auto," Allstate will pay damages in respect of "bodily injury sustained by an insured person." Dkt. 16-2 at 7. "The bodily injury . . . must be caused by accident . . . . We will not pay any punitive or exemplary damages. The right to benefits and the amount payable will be decided by agreement between the insured person and Allstate. If an agreement can't be reached, the decision will be made by arbitration." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

The Policy also includes the following arbitration clause:

> If you and we disagree on your right to receive any damages or on the amount of damages, then upon written request of either party, the disagreement will be settled by a single neutral arbitrator. If arbitration is used, any arbitration award will be binding up to your policy limits and may be entered as a judgment in a proper court. All expenses of arbitration will be shared equally. However, attorney fees and fees paid to medical or other expert witnesses are not considered arbitration expenses and are to be paid by the party incurring them.

*Id.* at 22-23.

It is alleged that, on January 7, 2017, Plaintiff's automobile was struck by an uninsured motorist, and that the collision caused severe injury and emotional distress to Plaintiff. Dkt. 1-1 ¶ 8. The uninsured motorist was allegedly driving a stolen car, and the insurer of the car's lawful owner allegedly denied coverage. *Id.* ¶¶ 9-10. Plaintiff's vehicle was allegedly repaired at a cost of $6359.29. *Id.*

Plaintiff allegedly demanded that Defendants submit to the arbitration of an uninsured motorist claim he had submitted pursuant to the Policy. *Id.* ¶ 11. Defendants responded by offering $6000 with respect to that claim. Plaintiff did not accept that offer. *Id.* ¶¶ 11-13.[2]

Arbitration proceedings allegedly commenced. *Id.* ¶¶ 15, 18. After the arbitration had been scheduled, the Allstate Defendants allegedly increased their settlement offer to $7500, which Plaintiff again declined. *Id.* ¶ 16. The Allstate Defendants had allegedly disputed Plaintiff's medical expenses, as a result of which "Plaintiff had no choice but to seek further medical care that was not on lien." *Id.* ¶¶ 15, 17. The Allstate Defendants also allegedly delayed discovery in the arbitration proceedings, and sought to recuse the arbitrator. *Id.* ¶¶ 21-28.

On October 29, 2019, the Allstate Defendants allegedly offered to pay to Plaintiff the Policy limit, which is $50,000. *Id.* ¶ 32. The offer required that Plaintiff agree to release of all of his claims. *Id.* Plaintiff allegedly refused to sign the release, and the Allstate Defendants allegedly stated that the release was unnecessary to their offer. *Id.*[3] Plaintiff's demand that the Allstate Defendants also pay "extra-contractual" expenses was allegedly refused. *Id.* ¶ 33.

Through the Complaint, Plaintiff seeks general and special damages, interest, compensatory damages, punitive damages, attorney's fees, treble damages pursuant to Cal. Civ. Code § 3345, costs, other relief, and accounting. The prayer for relief states that each category of damages "shall not exceed $1,000,000." *Id.* at 28-29.

---

[2] Although the Complaint is not clear on this issue, the $6000 offer concerned the uninsured motorist claim, and was distinct from the claim based on the cost of the repair of Plaintiff's vehicle. According to the Allstate Defendants, that cost was paid in full. Dkt. 15 at 13.
[3] This $50,000 was paid without a release. Dkt. 1-1 ¶¶ 32-33; Dkt. 15 at 10 ("Infanzon admits that Allstate ultimately paid him the full $50,000 policy limits without a release.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

**IV.** <u>**Analysis**</u>

    A.    Motion to Remand

        1.    <u>Legal Standards</u>

            a)    Removal and Remand

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). The removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

            b)    Timeliness of Removal

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." *Id.* § (b)(2).

        2.    <u>Application</u>

Plaintiff has challenged both the jurisdictional requirements and the timeliness of removal. Dkt. 7 at 3-4.

            a)    Diversity Jurisdiction

                (1)    <u>Amount in Controversy</u>

To establish diversity jurisdiction as to an action that has been removed, the amount in controversy must exceed $75,000 and the adverse parties must be citizens of different states. 28 U.S.C. §§ 1332, 1441. The removing party has the burden of demonstrating that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). The amount in controversy is the "amount at stake in the underlying litigation," "determined by the complaint operative at the time of removal and encompass[ing] all relief a court may grant on that complaint if the plaintiff is victorious," including "damages (compensatory, punitive, or otherwise) and the cost for complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-17 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

The Allstate Defendants have met their burden to show that the Complaint on its face seeks more than $75,000. Dkt. 1 at 5-6 (citing Dkt. 1-1 at 28-29). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1442(c)(2). The Complaint seeks nine categories of damages, each not to "exceed $1,000,000." Where the pleadings seek "up to" an amount or set a cap "not to exceed" a certain figure, "this suffices as a statement of the amount in controversy upon which Defendants can rely in properly removing the action to federal court." *McDaniel v. L Brands, Inc.*, No. 2-16-CV-04289-ODW, 2016 WL 6126257, at *3 (C.D. Cal. Oct. 20, 2016) (citing *Morey v. Louis Vuitton N. Am, Inc.*, 461 Fed. App'x 642, 643 (9th Cir. 2011)). Thus, at least $1,000,000, and as much as $9,000,000, has been placed in controversy.

The settlement offer of $74,999, extended by Plaintiff's counsel prior to removal, does not control. See Dkt. 7-1 ¶ 21. Settlement offers may supply "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). However, where the "circumstances under which the settlement offer was made" indicate "mere posturing," such an offer is not relevant to the analysis. *Treadwell v. IPC Int'l Corp.*, No. CV-05-06086-MMM, 2006 WL 8446681, at *9 (C.D. Cal. Jan. 12, 2006). Moreover, a settlement offer does not alter an actual amount which appears on the face of the complaint at the time of removal. See *St. Paul Mercury Indem. Co. v. Red Cab*, 303 U.S. 283 (1938); *Rios v. N.Y. & Co.*, No. 217CV04676ODWAGRX, 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017) ("The Court will not allow Plaintiff to request injunctive and monetary recovery far exceeding the jurisdictional minimum in once sentence and artificially limit the total recovery in the next.").

For these reasons, the amount-in-controversy requirement has been satisfied. More than $75,000 has been placed at issue by the Complaint.

(2)     Citizenship

It is undisputed that Plaintiff is a citizen of California, that the Allstate Defendants are citizens of Illinois, and the Agent Defendants are citizens of California. A single non-diverse defendant precludes diversity jurisdiction. Accordingly, there is not complete diversity of citizenship on the face of the Complaint. However, there would be complete diversity if the citizenship of the Agent Defendants were disregarded.

The Allstate Defendants argue that the Agent Defendants have been fraudulently joined to defeat the possibility of federal jurisdiction. Dkt. 1 at 5. Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

Under California law, "liability to the applicant or insured for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company," and "[w]here an agent is duly constituted and names his principal and contracts in his name and does not exceed his authority, the principal is responsible and not the agent." *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966) (quoting 44 Corpus Juris Secundum Ins. § 165; *Gibbs v. Home Ins. Co. of N.Y.*, 298 N.Y.S. 856, 857 (App. Div. 1937)); cf. *Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

*Corp.*, 12 Cal. App. 4th 1249, 1257, *as modified* (Feb. 5, 1993) (noting a limited exception where an agent has acted as a "dual agent" representing both the insured and the insurer). This view has been widely accepted by district courts in California. *See, e.g., Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) ("Mr. Good presents no California case, and the Court knows of none, holding that an insurance agent whose principal is disclosed can ever be held liable for acts committed within the scope of his or her agency."); *see also Kuebler v. Allstate Ins. Co.*, No. CV-98-2667 JMI JGX, 1998 WL 596733, at *3 (C.D. Cal. July 9, 1998); *Kramer v. Allstate Ins. Co.*, No. CV-11-07079-GAF, 2011 WL 13221012, at *3 (C.D. Cal. Oct. 20, 2011) ("California agency law makes clear that an insurance agent acting within the scope of her employment cannot be held liable for the wrongs of her employer.").

The Complaint in this action alleges that all Defendants "were the agents, principals, servants and employees of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency, service, and employment." Dkt. 1-1 ¶ 6. The Complaint also alleges that the Agent Defendants were "receiving commissions from Co-Defendants as Plaintiff's insurance broker," that they "were advised of Plaintiff's need for assistance as to Co-Defendants' wrongful conduct" in processing his claim, and that they "ignor[ed] Plaintiff's requests for assistance." *Id.* ¶¶ 4, 6, 71-72

Pomes submitted a declaration in support of the position of the Allstate Defendants that the claims against the Agent Defendants fail because they were acting as its disclosed agents. Dkt. 9-2; *see also McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent."). She states that she is an Allstate agent, that neither she nor PIS "ever served as an insurance broker for plaintiff," and that she "never told Mr. Infanzon that I would act as his insurance broker." Dkt. 9-2 at 2. Rather, she declares that she has always held herself out "to him and others" as an Allstate insurance agent. *Id.* Her business cards, website, and email all include the Allstate name. *Id.* Moreover, she states that she never provided claim handling services, which are "provided by Allstate's claim adjusters, not its sales agents, such as myself." *Id.* Plaintiff has not submitted any evidence that contradicts these statements.

Where the Agent Defendants acted as disclosed agents of the Allstate Defendants, California law provides that there is no basis for recovery from them. *Lippert*, 241 Cal. App. 2d at 382. To the extent that Plaintiff may be seeking to assert the dual agency exception, "an insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured." *Good*, 5 F. Supp. at 808 (citing *Maloney v. R.I. Ins. Co.*, 115 Cal. App. 2d 238, 251 (1953)). The Agent Defendants have shown that they are not independent, but rather Allstate affiliates, through an uncontradicted declaration.

Plaintiff's allegations also fail to support a claim of any "long-term, special relationship." Even a "run-of-the-mill insured-insurance agent relationship" that has been in place for many years does not result in any special duty. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1228 (E.D. Cal. 2005) (citing *Jones v. Grewe*, 189 Cal. App. 3d 950, 956 (1987)). Such duties can arise only "by an express agreement or a holding out." *Jones*, 189 Cal. App. at 955. Here, no express agreement is alleged, and any special relationship between Plaintiff and the Agent Defendants allegedly arose only after Plaintiff's claim was presented. Thus, it is alleged that it arose when "as a broker, [the Agent Defendants] were advised of Plaintiff's need for assistance as to Co-Defendants' wrongful conduct." Dkt. 1-1 ¶ 4. This allegation does not show that the Agent Defendants agreed to provide any assistance other than as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

agents. Indeed, it is alleged that they "refused and failed to communicate with Plaintiff . . . ignoring Plaintiff's requests for assistance." *Id.* ¶ 72.

Where there are no allegations as to independence or a long-term relationship, and the disclosed nature of the agency relationship is not rebutted, an allegation that an insurance agent was acting as "agent and employee of each of the remaining defendants" is insufficient to show that the agent has liability that is distinct from that of the alleged principal. *Good*, 5 F. Supp. 2d 804, at 808; *accord Campbell v. Allstate Ins. Cos.*, No. CV-95-1171-WDK, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995). As in *Good*, Plaintiff has here alleged that the Agent Defendants were agents of the Allstate Defendants "at all times." Dkt. 1-1 ¶ 6. Because the allegations against the Agent Defendants all arise from the issuance or handling of Plaintiff's claim, when they allegedly acted as agents of the Allstate Defendants, Plaintiff cannot recover against them. Therefore, they should be deemed defendants who have been fraudulently joined. *McCabe*, 811 F.2d at 1339. "Analytically, a fraudulent joinder finding compels dismissal of [] sham defendants." *Isaacs v. Broido*, 358 Fed. App'x 874, 876 (9th Cir. 2009).

For the foregoing reasons, the Agent Defendants are not proper parties and are **DISMISSED**. Because there is diversity of citizenship among the remaining parties, and the amount in controversy is more than $75,000, there is a basis for such jurisdiction so long as the matter was timely removed.

b) Timeliness of Removal

The Allstate Defendants were served on June 28, 2019, and the notice of removal was filed 28 days later, on July 26, 2019. Dkt. 1-2 at 2, 4. Plaintiff contends that removal was nevertheless untimely, because the Agent Defendants had been served on June 20, 2019. See Dkt. 1-3 at 2. Plaintiff's argues that service on any defendant starts a single 30-day clock for removal. Dkt. 7 at 4. However, under 28 U.S.C § 1446(b)(2), "[e]ach defendant shall have 30 days after receipt by or service *on that defendant* of the initial pleading or summons." (emphasis added).

Because the Allstate Defendants removed the action 28 days after they were served, removal was timely.

\* \* \*

For the foregoing reasons, the requirements of jurisdiction and timeliness have been satisfied. Therefore, the Motion to Remand is **DENIED**.

B. Motion to Dismiss

1. Legal Standards

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim. Such a motion may be granted when the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations of the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

  2.  <u>Application</u>

    a)  First Cause of Action: Breach of Contract

Plaintiff has alleged that he was insured under the Policy, for which he paid premiums and performed his obligations. Dkt. 1-1 ¶¶ 37, 39. He alleges that the Allstate Defendants breached their obligations under the Policy by refusing to communicate with him or to provide support for their contentions as to the value of his claim, and by other "unreasonable and wrongful conduct and bias" which breached "the duty of good faith and fair dealing."[4] *Id.* ¶¶ 42-45

A claim for breach of contract has four elements: (i) the existence of a contract; (ii) plaintiff's performance or excuse for non-performance of his obligations under the contract; (iii) defendant's breach of its obligations under the contract; and (iv) resulting damage to the plaintiff. Cal. Civ. Code § 1550; *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971). Under California law, in presenting a claim for breach of a written contract, a plaintiff must "allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 978 (N.D. Cal. 2016) (citing *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011); *see also Frances T. v. Vill. Green Owners Ass'n*, 42 Cal. 3d 490, 512-13 (1986)). ("Plaintiff's allegation that defendants breached that contract...must fail because she does not allege that any provision in any of the writings imposed such an obligation on defendant."). No such provision has been identified here, which is sufficient grounds to grant the Motion to Dismiss as to the breach of contract claim.

---

[4] A separate claim for breach of the implied contract has been brought. The Allstate Defendants do not argue that it is insufficiently pled. *See* Dkt. 15 at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

"[W]here a liability insurer has provided a defense and, prior to the filing of an action by an insured (or assignee), has fully paid out the amount of its policy limit, it may not be liable for the breach of any express policy provision promising such benefits." *Archdale v. Am. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 456 (2007) (there may still be liability for breach of the implied covenant.). Plaintiff has alleged that the Allstate Defendants have paid the policy limit of $50,000. Dkt. 1-1 ¶¶ 31-32. He has also alleged that the Allstate Defendants refused to "pay his extra-contractual expenses." *Id.* ¶ 33. Allegations that an insurer has paid "the stated policy limits," but not more, "do[] not support a claim for breach of contract." *Everett v. State Farm Gen. Ins. Co.*, 162 Cal. App. 4th 649, 660 (2008).

For these reasons, the Motion to Dismiss is **GRANTED** as to the breach of contract claim.

        b)        Fifth Cause of Action: Unfair Competition

Plaintiff contends that the various allegations against all Defendants "constitute unfair business practices which are illegal," and have caused injury to the Plaintiff. Dkt. 1-1 ¶¶ 83-84.

The UCL bars "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." *See* Cal. Bus. & Prof. Code § 17200. "Section 17200 defines 'unfair competition' very broadly, to include 'anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citing *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992)) (internal quotation marks omitted). In essence, a violation of § 17200 is a derivative cause of action that "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* (citing *Cel-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999)) (internal quotation marks omitted).

With respect to a claim under § 17200 brought in connection with an underlying insurance policy, the

> [a]llegations that are essential to plead a claim for violation of the UC[L] are: (1) plaintiff's status as an insured or intended beneficiary of the insurance policy, (2) the existence of the policy, (3) the insurer's conduct and that such conduct was an unfair, unlawful or fraudulent business practice in violation of Bus. & Prof. Code § 17200, (4) plaintiff has no adequate remedy at law, (5) a request for injunctive relief and or restitution (monetary damages are not recoverable under the UC[L]) . . . .

*Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1259-60 (C.D. Cal. 2003) (citing Croskey, Heeseman & Johnson, Cal. Prac. Guide: Insurance Litigation § 15:126 (Rutter Group 2002)).

The UCL claim here seeks an award of "punitive and exemplary damages to punish said Defendants," as well as "disgorgement of any profit . . . restitution and attorneys [sic] fees." Dkt. 1-1¶¶ 84-85. However, "under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (internal citation, quotation marks and alteration omitted); *accord Zhang v. Superior Court*, 57 Cal. 4th 364, 371 (2013) ("Prevailing plaintiffs are generally limited to injunctive relief and restitution."). The Allstate Defendants contend that there has been no allegation of the insufficiency of remedies at law, and that the remedies sought are not available under the UCL. Dkt. 15 at 18-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

"[N]onrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL." *Korea Supply*, 29 Cal. 4th at 1152. Thus, "disgorgement of profits allegedly obtained by means of an unfair business practice is [not] an authorized remedy under the UCL where these profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest." *Id.* at 1140. Nor is restitution available. "[T]he notion of restoring something to a victim of unfair competition includes two separate components. The offending party must have obtained something to which it was not entitled *and* the victim must have given up something which he or she was entitled to keep." *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 340 (1998) (emphasis in original).

Here, Plaintiff allegedly paid premiums under the terms of the Policy. It is also alleged that, after he presented his claim to Allstate, the Allstate Defendants paid to Plaintiff the limits of the Policy. Plaintiff has not alleged why the remedies available at law are insufficient. If a plaintiff is allowed to seek disgorgement or restitution under such circumstances, "any damage claim could be converted into an argument for restitution. [The UCL] plainly did not intend such a result." *Baugh v. CBS, Inc.*, 828 F. Supp. 745, 758 (N.D. Cal. 1993).

Although the available monetary relief under the UCL is limited, "[t]he breadth of standing under this act allows [a plaintiff] to combat unfair competition by seeking an injunction against unfair business practices." *Korea Supply*, 29 Cal. 4th at 1152. Plaintiff has neither sought such relief, nor pleaded its essential bases in the Complaint. The only potentially relevant allegation is that the Allstate Defendants engaged in "a larger pattern of conduct involving claims of other similarly situated insureds throughout California." Dkt. 1-1 ¶ 50. Even if this were construed as an allegation of ongoing unlawfulness, a broad allegation that actions "are continuing and are likely to mislead the public" is insufficient to state a UCL claim, absent pleading of "facts to support any threatened future harm or a likely continuing violation." *Katzman v. Allstate Ins. Co.*, No. CV09-2201-VAP-DTB, 2010 WL 11515454, at *3 (C.D. Cal. 2010). No such facts have been pled here.

Because the Complaint does not sufficiently allege that the available legal remedies are inadequate, or state the basis for equitable ones, the UCL claim is not sufficiently pleaded. Therefore, the Motion to Dismiss is **GRANTED** as to the UCL claim, with leave to amend.

### c) Sixth Cause of Action: Intentional Infliction of Emotional Distress

Plaintiff has alleged that when all Defendants "did the acts described in this Complaint" -- *i.e.*, failed to "provide the coverage necessary to protect him in the event of damages caused by an uninsured motorist, to promptly settle his claim, or to provide coverage beyond the Policy limit -- they did so in a manner which "was outrageous and exceeded that which is expected in normal society," causing Plaintiff extreme distress. Dkt. 1-1 ¶¶ 87-88.

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Light v. Cal. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017) (internal quotations removed).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

To satisfy the first element, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993); *see also McMahon v. Craig*, 176 Cal. App. 4th 1502, 1515-16 (2009) ("Generally, conduct will be found actionable where the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!"). "Whether the defendant's conduct can reasonably be found to be outrageous is question of law that must initially be determined by the court. If reasonable persons may differ, it is for the jury to determine whether the conduct was, in fact, outrageous." 5 Witkin 11th Torts § 525 (citing *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007)).

"In the insurance context, the insurer's bad faith is not the kind of conduct that satisfies a claim for intentional infliction of emotional distress." *Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 383 (C.D. Cal. 1995). Thus, an insurer's "refusal to properly investigate, process and communicate with plaintiff concerning his claim," even if intentional and willful, is not "deemed 'outrageous' within th[e] definition" required for an IIED claim. *Ricard v. Pac. Indemn. Co.*, 132 Cal. App. 3d 886, 895 (1982); *accord Beckham v. Safeco Ins. Co. of Am.*, 691 F. 2d 898, 904 (9th Cir. 1982) (an insurer's refusal to settle a claim, whether in good faith or acting "wantonly and maliciously," "is not the kind of outrageous conduct necessary to support an action for intentional infliction of emotional distress."). The conduct alleged here does not extend beyond such a refusal. Accordingly, it is not outrageous as a matter of law.

Because the Complaint does not include allegations about the conduct of the Allstate Defendants that any reasonable person could find outrageous and beyond the bounds of civilized society, the Motion to Dismiss is **GRANTED** as to the intentional infliction claim, with leave to amend.

d) Seventh, Eighth and Ninth Cases of Action: Fraud, Negligent Misrepresentation and Concealment

Plaintiff's seventh, eighth, and ninth causes of action -- for fraud, negligent misrepresentation, and concealment, respectively -- are closely related, and share almost identical allegations. Thus, in the seventh cause of action, Plaintiff alleges that the Allstate Defendants "assured Plaintiff that they would protect Plaintiff's interests due under the Policy and that there would be no arbitrary or random acts of delay, refusal or undervaluation, limitation, restriction or exclusion of Plaintiff's claims," while mispresenting that their "true intent was to delay, limit, restrict and deny insurance coverage to Plaintiff." Dkt. 1-1 ¶ 93. They also allegedly engaged in these representations "for the sole purpose of . . . obtaining Plaintiff's insurance premiums and thereafter to limit [their] financial obligations." *Id.* ¶ 98. In the eighth cause of action, Plaintiff alleges that the Allstate Defendants "engaged in such representations, . . . that the same were false, misleading and untrue for the sole purpose of . . . obtaining Plaintiff's insurance Premiums and thereafter to limit . . . financial obligations." *Id.* ¶ 109. Similarly, in the ninth cause of action, Plaintiff alleges that the Allstate Defendants concealed their "true intent to delay limit, restrict and deny insurance coverage," "for the sole purpose of . . . obtaining Plaintiff's insurance premiums and thereafter to limit Defendants . . . financial obligations." *Id.* ¶¶ 115, 120.

Under California law, the elements of a fraud claim are: (i) misrepresentation (false representation, concealment or nondisclosure); (ii) knowledge of the falsity (or "scienter"); (iii) intent to defraud, i.e., to induce reliance; (iv) justifiable reliance; and (v) resulting damage. *Lazar v. Superior Court,* 12 Cal.4th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

631, 638 (1996). "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156 (1996). "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal. App. 3d 1324, 1332 (1986).

Claims for fraud must also meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Ninth Circuit has explained that Rule 9(b) requires a party alleging fraud to state with particularity "the who, what, when, where, and how of conduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations omitted).

Plaintiff has not alleged a claim for fraud that meets the standards of Rule 9(b). The Complaint includes only conclusory allegations about the fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Thus, although it is alleged that the Defendants collectively misrepresented their intentions as to the Policy at the time it was issued, Dkt. 1-1 ¶¶ 94, 104, 116, Plaintiff has failed to allege with particularity any other facts to support such a claim. This includes the absence of allegations as to which of the Allstate Defendants took such actions, where or how any alleged misrepresentations were conveyed to Plaintiff, or the content of those misrepresentations.

Even if specific, allegedly misleading statements had been alleged, the Complaint does not allege the necessary "explanation as to why the disputed statement[s] w[ere] untrue or misleading *when made*." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994). A plaintiff can satisfy this requirement by identifying inconsistent contemporaneous statements or information that was available to the defendants. *Id.* at 1548-49 & 1549 n.9. This required pleading of intent is particularly important in a claim of promissory fraud, which is appears to the basis for the one advanced here. *See* Dkt. 1-1 ¶¶ 93, 95 (alleging that Plaintiff was assured that "there would be no arbitrary or random acts of delay," and that claims would be processed on the basis of "skill and experience"). Without requiring such allegations, every breach of contract claim would "support a claim of fraud so long as the [claimant] adds to his complaint a general allegation that the defendant never intended to keep her promise." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, No. 07-912, 2007 WL 2206946, *6 (S.D. Cal. July 27, 2007); *Ally Bank v. Castle*, No. 11-896, 2012 WL 3627631, at *5 (N.D. Cal. Aug. 20, 2012) ("[K]nowledge must still be pleaded sufficiently to make entitlement to relief plausible."). Here, however, the only relevant allegation is that all Defendants "knew at the time that they were engaged in such representations" that they were false. Dkt. 1-1 ¶ 98.

The fraud, negligent misrepresentation, and concealment claims are also based in part on alleged nondisclosures. *See, e.g.*, Dkt. 1-1 ¶ 97 ("As a result of the concealment, failure to disclose and false misrepresentation of material terms concerning Policy coverage and, of the evaluation of Plaintiffs claim, same was not disclosed and concealed and thereby misrepresented by Defendants."). "Where the fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud. [F]or example, a plaintiff cannot plead either the specific time of the omission or the place, as he is not alleging an act, but a failure to act." *Washington v. Baenziger,* 673 F. Supp. 1478, 1482 (N.D. Cal.1987) (internal citations and quotations omitted). However, merely alleging "Plaintiff justifiably relied on the . . . inactions and representations of Defendants" does not constitute such an alternative. *E.g.*, Dkt. 1-1 ¶ 121. A plaintiff must still allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

if he had known of certain undisclosed or concealed facts, he "would have acted differently." *Noll v. eBay, Inc.*, 282 F.R.D. 462, 468 (N.D. Cal. 2012). No such allegations are present. Although a complaint need not plead "a specific time or place of a *failure* to act," a plaintiff is not relieved of the burden of alleging the who, the what, and the how of the fraud. *See id.* Thus, the claims also fail insofar as they relate to alleged nondisclosures..

Finally, as to the negligent misrepresentation claim, "[t]he same elements [as for fraud] comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Cadlo v. Owens-Ill., Inc.*, 125 Cal. App. 4th 513, 519, (2004), *as modified* (Dec. 30, 2004). Furthermore, "a negligent misrepresentation must ordinarily be as to past or existing material facts." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991). Where the alleged misrepresentation involves a future promise to perform, the claim is for false promise, which is not cognizable in negligence. *Id.* ("The specific intent requirement . . . precludes pleading a false promise claim as a negligent misrepresentation. . . . [and] we decline to establish a new type of actionable deceit: the negligent false promise."); *accord Magpali v. Farmers Grp.*, 48 Cal. App. 4th 471, 481-82 (1996). Thus, where Plaintiff alleges that the Allstate Defendants "engaged in such representations, . . . that the same were false, misleading and untrue for the sole purpose of . . . obtaining Plaintiff's insurance Premiums and thereafter to limit . . . financial obligations," Dkt. 1-1 ¶ 109, the negligent misrepresentation claim is indistinguishable from the fraud claim, and fails for the reasons stated above.

Because Plaintiff's claims for fraud, negligent misrepresentation and concealment all sound in fraud and have not been pleaded with sufficient specificity, the Motion to Dismiss is **GRANTED** as to the seventh, eighth, and ninth causes of action, with leave to amend.

    e)  Eleventh Cause of Action: Regulatory Violation

Plaintiff has alleged that "based upon Plaintiff's race, ethnicity and income, [the Allstate Defendants] falsely perceived him as a Medi-Cal recipient unable to pay for his own medical care." Dkt. 1-1 ¶ 133. Thus, the Allstate Defendants allegedly "refused to make a reasonable settlement offer," based upon the mistaken assumption "that a part of Plaintiff's medical expenses had been paid by 'Medi-Cal'". *Id.* ¶ 12. Plaintiff asserts that the Allstate Defendants' assumption and resulting refusal violated Cal. Code Regs. tit. x, § 2695.7.

Section 2695.7 provides that "[n]o insurer shall discriminate in its claims settlement practices based upon the claimant's age, race, gender, income, religion, language, sexual orientation, ancestry, national origin, or physical disability, or upon the territory of the property or person insured." However, California courts have long made clear that "[e]ven in first party insurance cases, neither the Insurance Code nor regulations adopted under its authority provide a private right of action." *Rattan v. U.S. Auto. Ass'n*, 84 Cal. App. 4th 715, 724 (2000); *see also Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304-05 (1988) (abolishing a private right of action for unfair insurance practices); *Fid. & Guar. Ins. Co. v. KB Home Coastal, Inc.*, No. LA CV-13-00946-JAK, 2014 WL 10485191, at *12 (C.D. Cal. July 7, 2014) (granting summary judgment on the ground that there is no private right of action for a violation of Section 2695.7).

Because Plaintiff cannot act as a private attorney general to advance this regulatory claim, the Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-06483-JAK (SKx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

to Dismiss is **GRANTED** as to the eleventh cause of action. Because any amendment would be futile, this claim is dismissed with prejudice; provided, however, that Plaintiff is not barred from advancing a UCL claim based upon such a violation.[5]

## V.   Conclusion

For the reasons stated in this Order, the Motion to Remand is **DENIED**. The Motion to Dismiss is **GRANTED**, with prejudice as to the eleventh cause of action, and otherwise with leave to amend. Any amended complaint shall be filed no later than November 27, 2019.

**IT IS SO ORDERED.**

```
                                                           _____  :  _____
                                       Initials of Preparer    ak
```

---

[5] Plaintiff has argued that *Moradi-Shalal* does not bar UCL claims premised on such violations, and the Allstate Defendants do not dispute this. Dkt. 22 at 11; Dkt. 23 at 11. However, the UCL claim as presently alleged fails for the independent reasons stated above.