UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06483-JAK (SKx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER DENYING DEFENDANT'S MOTION TO COMPEL (ECF 39) WITHOUT PREJUDICE AND REQUIRING FURTHER MEET-AND-CONFER**

Defendant Allstate Northbrook Indemnity Company moves to compel Plaintiff Fernando Infanzon to provide further responses to interrogatories and document requests, produce a privilege log and documents, and pay Defendant's attorney's fees for this motion. (ECF 39 at 2). The motion is denied without prejudice for insufficient cooperation in discovery and inadequate pre-filing conference of counsel. The parties must meet and confer **in-person** at Defendant's counsel's office within 14 days of this order to resolve (or at least narrow) the discovery disputes with the instructions outlined below. *See* L.R. 37-1 ("If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else.").

Before the required meet-and-confer conference:

1. Defendant must reduce its interrogatories to the numerical limit set forth in Federal Rule of Civil Procedure 33(a)(1). When doing so, Defendant should keep in mind that Plaintiff need not answer interrogatories relating to Plaintiff's dismissed claims. *See Davis v. Sec'y, Dep't of Health, Ed. & Welfare*, 262 F. Supp. 124 (D. Md. 1967) (interrogatories related to matters not before the Court were moot and did not need to be answered), *aff'd*, 386 F.2d 429 (4th Cir. 1967); *Wells Fargo Bank, N.A. v. Ash Org.*, 2009 WL 4884467, at *5 (D. Or. Dec. 8, 2009) (denying as moot motion to compel interrogatories that related to dismissed claims). For any essential interrogatories that exceed that limit, the parties shall agree to a reasonable number of additional interrogatories that Plaintiff will answer based on Defendant's "particularized showing" that such interrogatories are essential to this case. *Waterbury v. Scribner*, 2008 WL 2018432, at *8 (E.D. Cal. May 8, 2008).

2. Plaintiff must revise his written responses to the document requests to comply with the December 2015 revisions to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B)-(C) (Dec. 1, 2015). Plaintiff must state his objections with specificity;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-06483-JAK (SKx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

general boilerplate objections are prohibited.  *See Dao v. Liberty Life Assurance Co. of Boston*, 2016 WL 796095, at *4 (N.D. Cal. Feb. 23, 2016) ("Rule 34 [] was amended on December 1, 2015 to require specific objections for requests for production.").  And Plaintiff must state whether he is withholding responsive documents based on such specific objections.  *See Grodzitsky v. Am. Honda Motor Co.*, 2017 WL 2616917, at *3 (C.D. Cal. June 13, 2017) ("The 2015 Amendment to Rule 34(b)(2)(C) requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection.").  Plaintiff must also provide Defendant with a detailed privilege log for any responsive documents withheld on the basis of a recognized evidentiary privilege.  *See* Fed. R. Civ. P. 26(b)(5).

3.    The parties must review the Court's Standing Order on Discovery Disputes available under the Court's Procedures and Schedules.  "The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."  L.R. 37-4.

The hearing on this motion noticed for February 12, 2020 is vacated; however, the parties may seek an informal discovery conference using the Court's published procedures for any remaining essential disputes that cannot be resolved despite counsel's best efforts.

**IT IS SO ORDERED.**