UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06483-JAK (SKx) | Date | March 13, 2020 |
|---|---|---|---|
| Title | Fernando Infanzon v. Allstate Insurance Company et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER DENYING PLAINTIFF'S COUNSEL'S REQUEST FOR TELEPHONIC APPEARANCE AND EXPANDING ORDER TO SHOW CAUSE**

Plaintiff's counsel, Suzanne Rand-Lewis (CA SBN #126219), requests to appear telephonically for the March 18, 2020, hearing on the Court's order to show cause why discovery sanctions should not be imposed. (ECF 51). The request is DENIED.

Ms. Rand-Lewis claims that she is unable to appear in person for medical reasons. But the discovery record in this case reveals that she has used suspect medical excuses persistently to shirk discovery obligations and to evade orders of the Court. (ECF 46, 47, 50-1 at 3, 5). So the Court instructed counsel to provide—*ex parte* and *in camera*—basic medical documentation to support her representation that she cannot appear in person for medical reasons. What counsel submitted appears heavily redacted with an unknown person's signature. When asked to provide only the unredacted name and contact information for the physician who signed that document, counsel flatly refused, citing an unfounded privacy concern. The Court has no interest in counsel's protected health information, which she is free to redact. But the name and contact information for her physician is not protected health information, and it would be submitted *in camera* in any case. Counsel's refusal to permit even basic verification of her physician's existence only solidifies the Court's reasonable suspicion that the document is fabricated.

For this reason, Plaintiff's counsel is also ORDERED TO SHOW CAUSE on **Wednesday, March 18, 2020, at 10:00 A.M.** why the Court should not refer Ms. Rand-Lewis to the California State Bar for misleading the Court. *See* Cal. Bus. & Prof. Code §§ 6068(d), 6103, 6106; Cal. Rule of Prof. Conduct 3.3. Ms. Rand-Lewis must appear in person as ordered. She is also ordered to serve a copy of this order personally on Plaintiff. Failure to comply with this or any other related Court order may subject counsel to contempt of court. *See* 18 U.S.C. § 401 (2012); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); L.R. 83-7.

**IT IS SO ORDERED.**